IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Curtis Jerome Brown, Sr., #238979, | ) C/A No.: 2:14-cv-02031-DCN-WWD |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Dir. Bryan, *SCDC*; Warden Reynolds; Warden Stonebreaker; Capt. Tommy Smith; Capt. J. Jefferson; Major K. Ford; and DHO Bittenger, | ) |
| Defendants. | ) |

This matter is before the court on motion of Defendants Bryan P. Stirling and Cecilia Reynolds to dismiss. (Dkt. No. 26.) Plaintiff has filed an opposition to the motion, and in this posture the matter is ripe for disposition. (See Dkt. No. 30.) For the reasons which follow, it will be recommended that the motion be granted.

## BACKGROUND

This is a civil rights action filed by a state-court convict currently housed at MacDougall Correctional Institution in the South Carolina Department of Corrections (SCDC). During the time relevant to the allegations in Plaintiff's complaint, he was housed at Kershaw Correctional Institution (Kershaw). Defendant Cecilia Reynolds (Reynolds) is the warden at Kershaw; Defendant Bryan P. Stirling (Stirling) is the SCDC director. Plaintiff alleges that his life is in danger because several inmates have tried to kill him. He alleges that inmate Robert Watts attacked him at Kershaw and tried to kill him. He alleges that corrections officers at Kershaw have intentionally placed him in situations which would allow such attacks and that they have encouraged inmates to attempt to kill him. Plaintiff

has allegations of a detailed nature about his confinement at Kershaw but it is not necessary to delve into those in this writing because they have no bearing on the liability vel non of Reynolds or Stirling.

## STANDARD OF REVIEW

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298).

**DISCUSSION**

As noted, Plaintiff brings this action pursuant to title 42 U.S.C. § 1983, the so-called civil rights statute. Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (citation and internal quotation marks omitted). In Graham, the Supreme Court reiterated its instructions to the lower federal courts that the first inquiry in any Section 1983 suit is to isolate the precise constitutional violation with which the defendants are charged. Id. at 394. And the Court also noted that in most instances the source of constitutional protection "will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eight Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." Id.

The doctrines of vicarious liability and respondeat superior are generally not applicable in Section 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Nevertheless, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those

committed to their care." Id. (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." Id. at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Id. (citations omitted).

These principles control the disposition of Defendants' motion to dismiss. The reason, of course, is that Plaintiff has not alleged a specific constitutional violation on the part of either Defendant. As Defendants aptly note, Stirling is named only in the caption of Plaintiff's complaint; Warden Reynolds is mentioned twice - she controls the inmate grievance office (Complaint, p.6) and she is the victim of blackmail (id. at p.7). More to the point, Plaintiff's opposition to the motion states that he has named the SCDC director because South Carolina law requires all suits to be brought in the name of the director, who by law manages and controls the prison system, and that both Defendants have a duty to protect him in their management duties. (Mem. in Opposition, etc, pp. 1-2.) Nevertheless, the law is clear that Plaintiff cannot attach constitutional liability on Stirling and Reynolds because of their management positions. See Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the

operations of a prison is insufficient to establish personal involvement."). Accordingly, Defendants Bryan and Reynolds should be dismissed from the instant action.

## RECOMMENDATION

It is therefore RECOMMENDED, for the foregoing reasons, that the motion to dismiss filed by Defendants Bryan and Reynolds (Dkt. No. 26), be GRANTED.

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

November 14, 2014
Charleston, South Carolina


**The parties' attention is directed towards the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).