IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Curtis Jerome Brown, Sr., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>Warden Stonebreaker, Capt. Tommy Smith, )<br>Capt. J. Jefferson, Major K. Ford, and )<br>DHO Bittenger, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 2:14-cv-02031-DCN-MGB<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

　　　The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order. (Dkt. No. 64.)

　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

　　　The Plaintiff brought this action on or about May 23, 2014. (*See generally* Dkt. No. 1.) After two Defendants (Bryan and Reynolds) were dismissed on December 9, 2014, Plaintiff filed an interlocutory appeal. (*See* Dkt. No. 40; Dkt. No. 43.) Via Text Order dated January 15, 2015, the undersigned stayed the case pending resolution of the appeal. (Dkt. No. 50.) In an Order filed on July 14, 2015, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. (Dkt. No. 58.) The stay was lifted on August 6, 2015; that same day, the undersigned granted the Defendants' Second Motion for Extension of Time to file dispositive motions. (*See* Dkt. No. 61; Dkt. No. 62.) On or about August 10, 2015, Plaintiff filed the instant Motion for Temporary Restraining Order. (Dkt. No. 64.)

1

In his Motion for Temporary Restraining Order, Plaintiff appears to complain about the amount of time the case was pending with no dispositive motion filed. (*See* Dkt. No. 64 at 1 of 2.) He asserts that "to [his] knowledge," the case was never stayed, so after Defendants missed the deadline for dispositive motions, he "filed nil dicit judgment." (*Id*.) He states that after his appeal was dismissed, he then filed a "writ of execution, judgment nil dicit, [and] default judgment." (*Id*. at 1-2 of 2.) Plaintiff states that he "now demands execution for irreparable injury of defendants and service of writ on defendants by Clerk." (*Id*. at 2 of 2.)

A temporary restraining order ("TRO") or a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008); *see also U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006). To obtain a TRO, a plaintiff must show:

> (1) that he is likely to succeed on the merits,
>
> (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> (3) that the balance of equities tips in his favor, and
>
> (4) that an injunction is in the public interest.

*Winter*, 555 U.S. at 20.

The undersigned recommends denying Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 64). A plaintiff seeking injunctive relief must show that all four of the *Winter* factors support granting relief. *See id.*; *see also Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting *Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984))).

The basis for Plaintiff's motion is not entirely clear, though he appears to repeatedly assert that Defendants have missed various deadlines. (*See generally* Dkt. No. 64.) Defendants filed their

Second Motion for Extension of Time to file dispositive motions on December 4, 2014; shortly thereafter, Plaintiff filed an interlocutory appeal. (Dkt. No. 39; Dkt. No. 43.) The undersigned stayed the case pending appeal, and on August 6, 2015 lifted the stay and granted the Defendants' Second Motion for Extension of Time, such that the deadline for dispositive motions was extended to September 7, 2015. (Dkt. No. 50; Dkt. No. 61; Dkt. No. 62.) Defendants filed a Motion for Summary Judgment on September 7, 2015; that motion is still pending. (Dkt. No. 67.)

The undersigned discerns no viable basis for Plaintiff's motion, and the specific relief requested is not clear. Plaintiff has not established that all four *Winter* factors support granting his request for injunctive relief; his motion should therefore be denied. *See Cantley v. W. Va. Reg'l Jail & Corr'l Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) ("All four requirements must be satisfied." (internal quotation marks and citation omitted)).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 64) be DENIED.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 6, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).